

DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois  60601-1293
www.dlapiper.com

Joseph Kernen
joseph.kernen @dlapiper.com
T  215.656.3345
F  215.606.3345

January 19, 2016
VIA CM/ECF

The Honorable Valerie E. Caproni
Courtroom 443, Room 240
40 Foley Square
New York, NY 10007

Re:   Nabi, et al. v. Hudson Group (HG) Retail, LLC, et al., Case No. 14-cv-4635

Dear Judge Caproni:

We represent defendants Hudson Group (HG) Retail, LLC and Airport Management Services, LLC.  On January 15, 2016, Plaintiffs submitted a revised reply brief in further support of their motion for collective action certification (the "Reply"). (Doc. No. 72.)  In their Reply, Plaintiffs allege that we obtained declarations "through improper and misleading means," and that "none" of the declarants "received the proper disclosures," in violation of the New York Rules of Professional Conduct.  Although we notified Plaintiffs through our motion for leave to file this surreply that their allegations were false, Plaintiffs nevertheless level the same careless accusations in their revised Reply, without taking any steps to verify whether they had any reasonable basis to make them.

Before any information was provided, the same plain English explanatory statement was read to each declarant.  The statement disclosed the lawsuit's existence, the nature of Plaintiffs' claims, and how they related to the declarant.  The declarant was also told that the purpose of the meeting was to get "an honest detailing of your job duties," *and*, that their participation "is entirely voluntary" and that the choice to participate (or not) "will in no way affect your job."  Each declarant then reviewed that same statement in writing, and signed an acknowledgment that we had read the statement to them before the meeting.  As an example, attached as **Exhibit 1** is Sultana Ahmed's signed statement.

Moreover, the declarations themselves demonstrate that Plaintiffs' counsel's allegations are spurious. For example, Ms. Ahmed, like other declarants, avers that she was "informed that there is a lawsuit against Hudson Group claiming that no one in [her] job is overtime exempt under the Fair Labor Standards Act," and that, having been so informed, she "volunteered to give true testimony in [her] Declaration." (Doc. No. 62-2.)

The cases that Plaintiffs' counsel cites to support the supposed ethical violations involved lawyers who lied to the declarants.  In *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1227-29 (S.D. Ala. 2008), the attorneys falsely told declarants that they were simply "conducting a survey," and failed to disclose even the existence of a lawsuit.  The lawyers in *Sjoblom v.*



Honorable Valeria E. Caproni
January 19, 2016
Page Two

*Charter Commc'ns, LLC*, No. 3:07-CV-0451, 2007 WL 5314916, at *3 (W.D. Wis. Dec. 26, 2007) also tricked the declarants, obtaining affidavits "under the pretext of an employer-required training session."[1]

      Plaintiffs' ethical misconduct allegations have no reasonable basis in fact.  Indeed, had Plaintiffs' counsel simply reviewed <u>even one</u> of the declarations submitted with Hudson's response, this briefing would have been unnecessary.  Hudson respectfully requests that the Court disregard Plaintiffs' misconduct allegations.

Respectfully submitted,

**DLA Piper LLP (US)**

Joseph Kernen

cc:    *Via ECF Notice*
        C.K. Lee, counsel for Plaintiffs
        Douglas Hass, co-counsel for Defendants

---

[1] Contrary to Plaintiffs' allegations, neither *Damassia v. Duane Reade, Inc.*, No. 04 CIV. 8819(GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006), nor *Amador v. Morgan Stanley & Co. LLC*, No. 11 CIV. 4326 RJS, 2013 WL 494020, at *5 (S.D.N.Y. Feb. 7, 2013), contain any references to the manner in which the respective defendants procured affidavits or to any refusal by courts to consider them.