

DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania  19103-7300
www.dlapiper.com

Joseph Kernen
joseph.kernen@dlapiper.com
T  215.656.3345
F  215.606.3345

October 27, 2016

<u>VIA ECF</u>
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Courtroom 443, Room 240
New York, NY 10007

   Re: *Nabi v. Hudson Group (HG) Retail, LLC, et al.*,
     <u>Case No. 14-cv-4635 (S.D.N.Y.) (VEC)</u>

Dear Judge Caproni:

  We represent defendants Hudson Group (HG) Retail, LLC and Airport Management Services, LLC ("Defendants") in this case.  We write regarding the issuance of the Court-approved "Notice of Pendency of Lawsuit Regarding Wages" (the "Notice") to members of the conditionally certified FLSA collective.  Specifically, we respectfully request that the Court clarify the instructions set forth in its October 5, 2016 Order (the "Order") and direct that Defendants, not Plaintiffs, should mail the Notice to members of the FLSA collective.

  Pursuant to the Court's Order, "the *parties* must mail the 'Notice of Pendency of Lawsuit Regarding Wages' and the 'Consent to Sue Form'" to members of the FLSA collective by October 14, 2016 (ECF No. 80 [emphasis added]), subsequently adjourned to October 28, 2016 (ECF No. 82).  As such, this Order does not instruct any specific party to send the Notice.

  Based on the Order, Defendants have proposed that they would send the Notice to the FLSA collective, because this is efficient, consistent with the Court's Order and avoids unnecessary disclosure of information relating to FLSA collective members who are not presently (and may never be) parties in this lawsuit.  Plaintiffs will not agree to this procedure, instead taking the position that only Plaintiffs may send the Notice and, further, that Defendants first must provide Plaintiffs with the names and contact information for all potential opt-in plaintiffs.  As per the Court's prior Order on conditional certification, the parties have met and conferred on procedures for these matters, but have been unable to reach an accord.  (ECF No. 74.)

  Defendants respectfully request that the Court issue an order permitting Defendants to send the Notice to the members of the FLSA collective, without producing contact information for non-party collective members until after they have opted into this action.  This is consistent with the Order, which requires only that the "parties" ensure that the Notice is mailed.



Judge Valarie E. Caproni
October 27, 2016
Page Two

Moreover, Defendants' suggested approach would avoid disclosure of irrelevant information relating to non-party collective members; is without risk of prejudice to the Plaintiffs or potential opt-in plaintiffs, because the form and content of the Notice already has been approved by the Court; and does not interfere with interested FLSA members' ability to seek counsel on their potential claims, because the Notice contains contact information for Plaintiffs' counsel.  In short, this process allows potential opt-in plaintiffs the ability to make the decision about whether to join, without any increased risk of improper solicitation or premature disclosure of personal information relating to non-parties.

Defendants' proposed procedure also is consistent with the Supreme Court's guidance that FLSA collective notice is "for case management purposes" only, and not "the solicitation of claims." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).  Indeed, for Plaintiffs to send the Notice, Defendants first must produce contact information for the FLSA collective members, but doing so only increases the completely avoidable risk of "solicitation of claims" by Plaintiffs – which result the Supreme Court expressly admonished.  *Id.*  As courts have recognized, the very purpose of the FLSA's "opt-in" procedures – as opposed to the "opt-out" requirements of Rule 23, F.R.C.P. – is to prevent group actions with passive class members. *Delpin Aponte v. U.S.*, 83 Fed. Cl. 80, 91-92 (2008).  Providing Plaintiffs with contact information before a party opts into the action would be directly contrary to the FLSA's design, without any concomitant benefit.

Beyond this, requiring the production of information relating to potential opt-in plaintiffs – non-parties to this case – before they opt-in expands the scope of discovery to require production of information relating to non-parties who are irrelevant, unless and until they opt-in.  As explained by the Supreme Court, the FLSA's "opt-in" procedure is deliberately designed "for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and *freeing employers of the burden of representative actions*." *Hoffmann-LaRoche*, 493 U.S. at 173 (emphasis added).  Requiring the production of information regarding non-participants would expand the scope of discovery to include irrelevant persons who did not "assert[] claims," effectively replicating the "burden of representative actions" which the FLSA is intended to avoid.

We are available at the Court's convenience for a conference on these matters, if so required.

Respectfully,

**DLA Piper LLP (US)**

*[signature]*

Joseph Kernen

cc:     C.K. Lee, counsel for Plaintiffs (via ECF Notice)