UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MOHAMMED NABI and RIFAT RIZVI,  :
*on behalf of themselves, FLSA Collective*  :
*Plaintiffs and the Class,*  :  14-CV-4635 (VEC)
  :
                Plaintiffs,  :  [PROPOSED]
  :  **CIVIL CASE MANAGEMENT PLAN**
   -against-  :  **AND SCHEDULING ORDER**
  :
HUDSON NEWS COMPANY, HUDSON  :
GROUP LLC, HUDSON GROUP (HG)  :
RETAIL, LLC, AIRPORT MANAGEMENT  :
SERVICES, LLC and JOHN DOES 1-10,  :
  :
                Defendants.
------------------------------------------------------------ X

     This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1)    The parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2)    No amended pleadings may be filed nor additional parties joined.

3)    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have been completed by the parties.

4)    The plaintiffs shall not be required to provide HIPAA-compliant medical record authorizations to the Defendants.

5)    ***Discovery***

    a)   The parties shall have until February 3, 2017, to mediate this action pursuant to the Southern District of New York's Mediation Program.  To facilitate mediation, the parties will not engage in any discovery through February 3, 2017.  Thereafter, all fact discovery shall be completed by no later than April 4, 2017.

    b)   The parties do not anticipate a need for expert discovery or witnesses in this action.

    c)   Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

    d)   In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with

the following modifications:  Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute.  If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute.  The Court will determine during the teleconference whether additional submissions will be required.

6) Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

   \_\_\_X\_\_\_\_   Immediate referral to the District's Mediation Program

   _____   Immediate referral to a Magistrate Judge

   _____   Referral to the District's Mediation Program after the close of fact discovery

   _____   Referral to a Magistrate Judge after the close of fact discovery

   _____   Other

7) This case is to be tried before a jury.

8) Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

   The parties do not presently anticipate any additional matters to be addressed at the parties' forthcoming Pretrial Conference.

9) This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown.  Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously.  Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.  Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10) The next pretrial conference is scheduled for 10:00 a.m. on April 7, 2017 in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

    By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a)  a statement of all existing deadlines, due dates, and/or cut-off dates;

    b) a brief description of any outstanding motions;

    c) a brief description of the status of discovery and of any additional discovery that needs to be completed;

    d) a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e) a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f) a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

    g) any other issue that the parties would like to address at the pretrial conference; and

    h) any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

| LEE LITIGATION GROUP, PLLC | DLA PIPER LLP (US) |
|---|---|
| By: _____ | By: _____ |
| C. K. Lee, Esq. | Joseph Kernen, Esq. |
| Angela Kwon, Esq. | Garrett D. Kennedy, Esq. |
| 30 East 39th Street, Second Floor | 1251 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10020-1104 |
| Tel.: (212) 465-1180 | Tel.: (212) 335-4500 |
| Fax: (212) 465-1181 | Fax: (212) 335-4501 |
|  | joseph.kernen@dlapiper.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

**SO ORDERED.**

Date: _____
      New York, New York

_____
VALERIE CAPRONI
United States District Judge