UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MOHAMMED NABI and RIFAT RIZVI, *on behalf themselves, FLSA Collective Plaintiffs and Class members;*

Civil Case No. 14-cv-4635(VEC)(KNF)

*Plaintiffs,*

-v-

HUDSON NEWS COMPANY, HUDSON GROUP LLC, HUDSON GROUP (HG) RETAIL, LLC, AIRPORT MANAGEMENT SERVICES, LLC, and JOHN DOES #1-10,

*Defendants.*
-----------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

**SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement"), entered into as of the **21st** day of March 2017, by and between Hudson Group (HG) Retail, LLC, and Airport Management Services, LLC, on behalf of themselves and each of their affiliates, subsidiaries and divisions (the foregoing collectively, the "Defendants"), on the one hand, and Plaintiffs Mohammed Nabi ("Nabi") and Rifat Rizvi ("Rizvi," collectively, "Plaintiffs"; the Defendants and Plaintiffs, together, the "Parties," and each a "Party"):

**WHEREAS**, Plaintiffs are each former Operations Managers who worked at Defendants' Hudson News Stores in Grand Central Station in New York;

**WHEREAS**, following their employment, Plaintiffs filed a Complaint in the United States District Court for the Southern District of New York, captioned *Nabi, et al. v. Hudson Group (HG) Retail, LLC, et al.*, 1:14-cv-4635 (VEC)(KNF)(S.D.N.Y.) (the "Action"), in which Plaintiffs contend they and other similarly situated individuals were misclassified as exempt from the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and, as such, purport that they are owed compensation for unpaid overtime premiums and other related damages;

**WHEREAS**, Plaintiffs alleged claims in the Action on behalf of purportedly similarly situated employees, current and former, for Defendants;

**WHEREAS**, Plaintiffs moved for conditional certification of an FLSA collective, which was granted by the Court solely with respect to a collective of the nine (9) Operations Managers who had worked at Grand Central Station during the statutory period, and following Court authorized notice, no members of the FLSA collective opted into the lawsuit;

**WHEREAS,** Defendants disclaim any and all liability to Plaintiffs, and further and categorically deny Plaintiffs' allegations, including but not limited to that Plaintiffs or any other Operations Managers were now, or ever have been, improperly classified under the FLSA or the NYLL;

**WHEREAS,** the Parties were subsequently ordered to attend mediation before the Mediation Program for the U.S. District Court of the Southern District of New York;

**WHEREAS,** in the course of litigating the Action, the Parties have exchanged extensive documents and other information, including conducting party depositions;

**WHEREAS,** solely to avoid the costs and burdens associated with further litigation, the Defendants and Plaintiffs each wish to compromise and fully and finally settle any and all claims asserted by Plaintiffs in the Action.

**NOW, THEREFORE,** the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth herein below, do hereby agree as follows:

1. **Settlement Consideration.** Subject to Section 3 below, in consideration of the waivers, covenants and other consideration given by Plaintiffs under this Agreement, including their General Release of All Claims, set forth in Section 4(a) below, and their dismissal of the Action, Defendants shall pay or cause to be paid to Plaintiffs a one-time lump sum settlement payment in the aggregate amount of Seventy Thousand Hundred Dollars ($70,000.00) (the "Settlement Amount"), inclusive of all attorney's fees and costs. The Settlement Amount shall be paid within ten (10) business days after the Action is finally dismissed with prejudice by Order of the Court pursuant to Section 3, below, and shall be paid as follows:

    a. Defendants shall make or cause to be made a one-time, lump-sum payment in the amount of Seventy Thousand Dollars ($70,000.00) to Lee Litigation Group, PLLC, as Plaintiffs' counsel, for which an IRS Form 1099 will be issued.

The Parties expressly agree that if, in connection with Plaintiffs' application for approval of this settlement and the Agreement pursuant to Section 3 below, the Court determines that any modification(s) to the payments to be distributed to each of the Plaintiffs and/or their counsel under Sections 1(a) through (c), inclusive, is required in order to approve the settlement set forth in this Agreement, the remaining terms of this Agreement shall be and remain in full force and effect following such modification(s), provided, however, that in no event shall the aggregate amount of Sections 1(a) through (c) exceed the total Settlement Amount (*i.e.*, Seventy Thousand Dollars ($70,000.00)) following any such modification(s) by the Court.

The Settlement Amount shall be paid subject to Defendants' prior receipt of a completed IRS Form W-9 from Lee Litigation Group, PLLC. Plaintiffs agree that they personally assume any and all responsibility for all tax liabilities and/or penalties associated with the Settlement Amount and agree to indemnify and hold Defendants harmless with respect to any taxes of any kind which may be due and owing, or which may be determined to be due and owing, by them to

any federal, state and/or local taxing authority with respect to the payment of the Settlement Amount or any portion thereof.

2. **No Further Payments.** Plaintiffs understand and agree that they are not entitled to, and will not receive, any payment, compensation or other benefits of any kind from Defendants, except as expressly set forth in Section 1 above.

3. **Withdrawal of Action.** In consideration of the promises and covenants set forth in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree that the Action shall be dismissed in its entirety and with prejudice. Plaintiffs shall file with the Court within five (5) days of the date of this Agreement's execution an application for approval of terms of the settlement contained in this Agreement and seeking dismissal of the Action in its entirety, with prejudice, provided, however, that any such application must be filed on or before March 7, 2017.

4. **Mutual General Release of All Claims.**

a. *Plaintiffs' General Release of All Claims.* In consideration of the Settlement Amount to be paid pursuant to Section 1 of this Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Plaintiffs, on behalf of themselves, their issue, heirs, representatives, successors, agents, executors, administrators and assigns, each hereby knowingly and voluntarily remise, release, and forever discharge Defendants and each of their parents, subsidiaries, divisions, and affiliates, together with all of their respective current and former officers, directors, agents, partners, members, attorneys, representatives and employees, and each of their predecessors, successors and assigns (collectively, the "Hudson Releasees"), from any and all claims, demands, controversies, liabilities and damages, debts, obligations and causes of action, of any kind or nature including but not limited to those arising out of or in any way connected with or arising out of their employment with Defendants and those claims asserted, or that could have been asserted, in the Action. This includes a release of any and all claims for unpaid wages, minimum wages, overtime wages, bonuses, back pay, commissions, vacation pay, severance or other compensation, and any and all claims under common law, tort, breach of contract (express or implied), wrongful discharge, mental anguish, emotional distress, discrimination, and any and all claims alleged and/or implied in the Complaint in the Action. Plaintiffs are specifically releasing any rights or claims they may have had under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1991, 1871 and 1866, the Americans with Disabilities Act of 1990, the New York State and New York City Human Rights Laws, the Employment Retirement Income Security Act of 1974, the Family Medical Leave Act, the New York State Labor Laws, the Equal Pay Act, the Rehabilitation Act of 1973, the Sarbanes-Oxley Act of 2002, the Worker Adjustment Retraining and Notification ("WARN") Act, the New York WARN statute, the New York Constitution and any other federal, state or local laws, rules, regulations or ordinances, each of the foregoing as amended. Notwithstanding the foregoing, nothing herein shall constitute a release by Plaintiffs of a claim to the extent such claim is not waivable as a matter of law. This General Release does not prohibit Plaintiffs from, or otherwise limit them in, reporting or

making any disclosures to any governmental agencies that cannot be prohibited or limited as a matter of law, or affect any right to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") or any other agency with respect to which such right cannot be waived, subject to the restriction that if any such charge is filed, Plaintiffs agree, to the fullest extent permitted by law, not to violate the non-disparagement provisions of this Agreement.

b. ***Defendants' General Release of All Claims.*** In consideration of Plaintiffs' promises and covenants contained in this Agreement, including but not limited to their General Release of All Claims as set forth in Section 4(a), above, and other good and valuable consideration set forth herein, the receipt and adequacy of which are hereby acknowledged, Defendants, on behalf of themselves and their parents, subsidiaries, divisions, and affiliates, each hereby knowingly and voluntarily remise, release, and forever discharge Plaintiffs, from any and all claims, demands, controversies, liabilities and damages, debts, obligations and causes of action, of any kind or nature including but not limited to any claims under common law, under any federal, state or local statutes, regulations, ordinances or common law, under any plan, program, policy, agreement, contract, understanding or promise, written or oral, formal or informal, and those arising out of or in any way connected with or arising out of Plaintiffs' employment with Defendants and those claims asserted, or that could have been asserted, in the Action. Notwithstanding the foregoing, nothing herein shall constitute a release by Defendants of a claim to the extent such claim is not waivable as a matter of law. This General Release does not prohibit Defendants from, or otherwise limit them in, reporting or making any disclosures to any governmental agencies that cannot be prohibited or limited as a matter of law.

5. **Non-Disparagement.** Except as provided in Section 4(a) above, Plaintiffs agree that they will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about Defendants or any of the Releases, or any of their respective businesses or business practices, whether by electronic, written, or oral means, to any persons or third-parties (including, but not limited to, Defendants' and Hudson Releasees' respective employees, the press and the media), provided, however, that nothing contained herein shall prohibit Plaintiffs from making truthful statements to others regarding the Action.

6. **Status of Settlement If Case Is Not Dismissed.** In the event the Court does not approve the Parties' settlement under this Agreement, or the Action is not dismissed with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

7. **Non-Admission of Liability.** Nothing contained in this Agreement shall be construed as an admission by any Party of any liability of any kind to any other Party.

8. **Governing Law; Venue.** This Agreement and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties

agree that any dispute arising out of or relating to this Agreement must be brought in any state or federal court of competent jurisdiction in the Borough of Manhattan in the City and State of New York.

9. **Benefit and Burden.** This Agreement shall be binding upon, and inure to the benefit of, the Parties hereto and their respective heirs, executors, administrators, representatives, successors and assigns.

10. **Amendments; Waivers.** This Agreement may not be modified, amended, or terminated except by an instrument in writing, signed by the Parties. No failure to exercise and no delay in exercising any right, remedy or power under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, or power under this Agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy or power provided herein or by law or in equity.

11. **Severability.** If for any reason any provision of this Agreement is determined to be invalid or unenforceable (other than Sections 3 and 4, with respect to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), the remaining provisions of this Agreement nevertheless shall be construed, performed and enforced as if the invalidated or unenforceable provision had not been included in the text of the Agreement.

12. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on all of the Parties hereto, notwithstanding that all of the Parties are not signatory to the same counterpart. This Agreement may be executed either by original, facsimile or via electronic means, each of which will be equally binding.

13. **Entire Agreement.** All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto concerning the subject matter hereof are contained herein, and no other agreements, covenants, representations or warranties, express or implied, oral or written have been made by any Party hereto to any other Party concerning the subject matter hereof. This Agreement is fully integrated, and all prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties concerning the subject matter hereof are merged herein.

14. **Joint Authorship; Rules of Construction.** The Parties acknowledge that they and their legal counsel all have participated in the preparation and negotiation of this Agreement. It is agreed and understood that any rule providing that ambiguities are to be construed against the drafter shall not apply to this Agreement.

15. **Voluntary Agreement; Representation by Counsel.** Plaintiffs acknowledge and represent that they were advised by Defendants to consult with their attorneys, Lee Litigation Group, PLLC, concerning the waivers contained in this Agreement, that they have consulted with their counsel, including with respect to the General Release of All Claims set forth in Section 4(a) above, and that the waivers they have made herein are knowing, voluntary, conscious and with full appreciation that they are forever foreclosed from pursuing any of the rights so waived.

16. **Attorney's Fees, Costs and Disbursements.** The Parties shall bear their own attorney's fees, costs and disbursements, and there shall be no application to any court by any Party or by any attorney representing any Party for attorney's fees, costs and/or disbursements.

WHEREFORE, the Parties hereto have caused this Agreement to be signed as of the date written below.

HUDSON GROUP (HG) RETAIL, LLC

Dated: March 21, 2017

By: _____
Name: ROGER FORDYCE
Title: EXEC VP/C.O.O

AIRPORT MANAGEMENT SERVICES, LLC

Dated: March 21, 2017

By: _____
Name: ROGER FORDYCE
Title: EXEC VP/C.O.O

MOHAMMED NABI

Dated: March 20, 2017

By: _____
Mohammed Nabi

RIFAT RIZVI

Dated: March 20, 2017

By: _____
Rifat Rizvi

7